ANDREW MUDRI, PETITIONER-RESPONDENT, v. UNITED ENGINEERS & CONSTRUCTORS, INCORPORATED, IMPLEADED AS PUBLIC SERVICE COMPANY, AND/OR UNITED ENGINEERS AND CONSTRUCTORS, INCORPORATED, RESPONDENT-PROSECUTOR.

Submitted October 14, 1932—Decided March 31, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the petitioner-respondent, *Joseph F. A. Rubacky* (*Feder & Rinzler*, of counsel).

For the respondent-prosecutor, *Henry H. Fryling* (*Elmer W. Romine*, of counsel).

PER CURIAM.

This writ brings up for review the judgment of the workmen's compensation bureau, awarding to the petitioner com-

pensation on the basis of fifteen per cent. of total and permanent disability.

It is conceded that the petitioner suffered injury from an accident which arose out of and in the course of his employment, but the prosecutor insists that no permanent disability resulted, and that therefore the findings of the deputy commissioner are not supported by the proofs.

The petitioner undoubtedly sustained severe injuries. While he was in a trench, assisting in the construction of concrete forms, a cave-in occurred, and heavy pieces of timber and sand fell upon him, inflicting head and shoulder injuries. The commissioner found that at the time of the hearing, some eighteen months after the accident occurred, he had a rigidity of the neck, and that his head inclined toward the right shoulder. There was evidence of injury to the cervical nerves and muscles. There was also testimony tending to show impaired hearing of the right ear, and numbness of the right side of the head.

The prosecutor contends (1) that the petitioner does not suffer from these alleged disabilities, and (2) that if he is so afflicted, they did not have a traumatic origin. The commissioner rejected these contentions, and rightly so. We find in the proofs ample support for his conclusion that petitioner suffered permanent injury from the accident in question, and that he was permanently disabled to the extent of fifteen per cent. of total disability. The physicians, as is usual in such cases, gave varying estimates of the extent of petitioner's disability. We do not understand that it is the prosecutor's contention that if the petitioner was injured to the extent found by the commissioner, and such injury was the result of an accident which arose out of and in the course of petitioner's employment, the award is excessive. If so, it is devoid of merit.

The judgment brought up for review will therefore be affirmed, with costs.